ROBERTS *vs.* BERDELL.

Where a pledgee of bonds, after the payment of the loan for which they were
   pledged, promises to return the same, but on demand made, refuses to do
   so, an action will lie for their conversion; in which the plaintiff will be en-
   titled to recover the value of the bonds, with interest.
The statute of limitations does not commence running, against such an action,
   until the time of the demand and refusal.

APPEAL by the defendant from a judgment entered
upon the report of a referee.

The action was brought for the conversion of certain
bonds. The referee found the following facts, viz: That
on the 7th of February, 1860, Alfred B. Seymour was the
owner and possessed of four bonds of the Long Dock
Company, a corporation organized under the laws of the
State of New Jersey. Such bonds were each given for the
sum of $1000, and were numbered respectively Nos. 100,
154, 205 and 207. Such bonds bore interest at the rate
of seven per centum per annum, payable semi-annually,
on the first days of June and December in each year, on
presentation of the semi-annual coupons thereto attached.
All the coupons not yet due at said times were then at-
tached to said bonds. On that day the defendant loaned
to said Seymour the sum of $1600, and received from him
two of said bonds, (Nos. 100 and 154,) with the June
1860, and subsequent coupons attached, as collateral secu-
rity. On the 26th day of March, 1860, the defendant
loaned Seymour the further sum of $800, and received
from him one of said bonds, (No. 205,) with the June
1860, and subsequent coupons attached, as collateral secu-
rity. On the 5th day of June, 1860, the defendant loaned
to said Seymour the further sum of $800, and received
from him one of said bonds, (No. 207,) with the Decem-
ber 1860, and subsequent coupons attached, as collateral
security. Each of said loans was a separate transaction,
and said loans were severally payable on demand. All of

said loans were made by the defendant in his individual, and not in any official capacity. Each of said loans was repaid to said defendant within thirty days after date, by said Seymour. In June 1861, Seymour demanded of the defendant the return of said bonds, which the defendant refused to make, and the defendant has not since made such return to said Seymour or his assigns. On the 10th · day of April, 1867, Seymour duly assigned said bonds and coupons, together with all his claims and demands against the defendant therefor, or for the conversion thereof, to the plaintiff. In June 1861, the said four bonds and coupons were worth the sum of $4000.. The interest upon said sum from the last day of June 1861, was the sum of $2160.51. This action was commenced on the 23d day of April, 1867.

As conclusions of law, the referee found : 1st. That the defendant, in June 1861, wrongfully converted the said four bonds, with their coupons, to his own use. 2d. That the plaintiff was entitled to recover the value of said bonds, viz. $4000, with interest, amounting, in all, to the sum of $6160.51. 3d. That the plaintiff was entitled to judgment for said sum of $6160.51, and the costs of this ·action.

Judgment was entered accordingly.

Samuel J. Glassey and Charles Tracy, for the appellant.

Davis & Edsall, for the respondent.

By the Court, GEO. G. BARNARD, J. In 1866, the defendant was the vice president of the Long Dock Company. One Alfred B. Seymour was a contractor with them for building a tunnel under Bergen Hill. Seymour's contract provided that he should be paid, partly, in the bonds of the company, by the defendant, who was acting president, upon Seymour's requisitions on the company. The

Roberts *v*. Berdell.

company was trying to negotiate a large amount of its bonds, for nearly par, and for the purpose of keeping them out of the market, pending the negotiation, the defendant promised Seymour to loan him, of his individual funds, eighty per cent, on Seymour's bonds, until they reached par, if he would not place them in the market. The de- fendant made three loans, aggregating $3200, and received as a pledge four bonds, of $1000 each. The amounts of these loans were charged by Berdell, in his monthly ac- counts with the company, as advances made to Seymour, by him, and were so allowed and paid to the defendant, by the company. When the defendant was detected in this, by the plaintiff's assignor, he excused the matter, as a mistake, and agreed to return the bonds to Seymour. But upon-demand being made of him for them, he refused to return them, and the plaintiff's assignor, Seymour, sued as for a conversion of the bonds.

I fail to discover any error on the part of the referee, in the admission or rejection of evidence.

The motion to dismiss the complaint was properly denied. The evidence before the referee, upon the merits, was conflicting, and his decision is final.

The action is not barred by the statute of limitations. The statute commenced running when the demand was made, and when the defendant refused to deliver the bonds. This occurred in June 1861, and the action was commenced in April 1867.

The judgment must be affirmed, with costs, and, conse- quently, Justice Brady's order should also be affirmed.

[FIRST DEPARTMENT, GENERAL TERM, at New York, November 7, 1871. *Cardozo* and *Geo. G. Barnard*, Justices.]