### MOORE v. WILLIAMS et al.

(City Court of Albany. December 27, 1893.)

1. LIMITATION OF ACTIONS—WHEN STATUTE BEGINS TO RUN.

In an action against a bailee for breach of his implied contract to return the chattel on demand, the statute of limitations begins to run from the time of the demand, and not from the time of a conversion by the bailee.

**2. SAME—PLEADING.**
    In the city court of Albany the statute of limitations need not be pleaded to a counterclaim set up in the answer, as the pleadings in such court consist merely of the complaint, answer, and a limited demurrer, as in justices' courts.

Action by Charles H. Moore, as administrator, against William H. Williams and others.   Judgment for plaintiff.

Frost & Howe, for plaintiff.
Fred E. Wadhams, for defendants.

DANAHER, J.   The defendants are copartners in business, doing business as such in the city of Albany, under the firm name of William H. Williams & Son, and engaged in the jewelry business, one branch of which consists in the repairing of watches left with them for that purpose by their customers.   Levi Moore, in his lifetime, was the owner of a gold watch of the value of $25.30, and on or about December 17, 1877, he left the watch with the defendants for repairs.   At the time he left the watch with the defendants for repairs he was indebted to them in the sum of $25.30 for work done and materials furnished.   Levi Moore died June 30, 1880, and plaintiff was appointed his administrator on August 2, 1880, and duly qualified, and is now acting as such.   The administrator advertised for creditors according to statute.   After the death of the intestate, and on July 7, 1881, the defendants sold the watch for $25.30, gave the deceased credit for the value of the same, balanced his account, and closed it, paying no further attention to the matter. The administrator knew generally of the fact of the watch having been left with defendants before Levi Moore's death, but first became cognizant of the facts concerning the nonreturn of the same in March, 1893.   He demanded either the watch or its value from the defendants on April 1, 1893, and defendants refused to return it, because they had melted it up, and could not; because of the long time that had elapsed since they had done that; and because they had given Levi Moore credit for the value of the watch and closed his account; and they claimed the benefit of the credit, and were willing to allow it.   The question arises, are they entitled in this action to offset the demand that they had against the intestate in his lifetime against the claim now made by the administrator for the value of the watch?   This case is very much like the case of Ganley v. Bank, 98 N. Y. 487.   In that case, Margaret Ganley, plaintiff's intestate, left with the defendant for safe-keeping, on the 3d of April, 1865, two United States treasury notes of $500 each.   On the 17th of August, 1866, the bank paid the proceeds of the notes to Dominick Ganley, the husband of the intestate, who was not authorized to receive them.   On the 31st day of July, 1879, Thomas Ganley, the plaintiff in that action, who had been appointed administrator of his mother's estate, demanded of the bank the notes in question, and began action to recover their value on the 7th day of August, 1879, some 13 years after the bank had paid the proceeds to the intestate's husband.   The question arose as

to whether the claim was not barred by the statute of limitations, and the court said:

"If the action had been trover for the conversion of the bonds, it would, we think, under the authorities, have been barred. In that case the cause of action would have been complete at the time the notes were sold, and, although the sale was unknown to Margaret Ganley, the statute would have commenced to run against her for the conversion from that date. By the sale the wrong was committed and completed, and no demand was necessary to lay the foundation of the action for the conversion against the bank. * * * In such an action, no demand being necessary before the right of action accrues, the statute of limitations commences to run from the time of the conversion, and not the time of the subsequent demand, but in all cases like this the owner of property wrongfully converted has a right also to sue upon the contract expressly made by the parties thereto, or implied by law from the facts and the relation of the parties. Instead of suing for the conversion, then, this plaintiff had the right, as he did, to sue for the breach of the contract; and that action did not acrue until a demand."

Fitting the facts of that case to the one under consideration, we find that the administrator made a demand of the defendants on the 1st of April, 1893, and has brought his action for breach of the contract to return the watch on demand, implied when the defendants received it as bailees for hire; and consequently his cause of action did not arise until the 1st day of April, 1893, and the defense of the statute of limitations interposed by the defendants does not stand.

The question now arises as to whether the defendants can set off against the plaintiff's claim the amount due them for work done and material furnished, according to the conceded facts of the case, for the intestate between June 1, 1877, and July 31, 1878. The Code provides (section 506) as follows:

"In an action brought by an executor or administrator, in his representative capacity, a demand against the decedent, belonging at the time of his death, to the defendant, may be set forth by the defendant as a counter-claim as if the action had been brought by the decedent in his life time; and if a balance is found to be due to the defendant, judgment must be rendered therefor against the plaintiff, in his representative capacity."

It is very clear that this action is brought by the administrator in his representative capacity upon a cause of action the initiation of which began in the lifetime of his intestate, and that the defendants had a demand against the decedent belonging to them at the time of his death, and that they have a right to set it up as a counterclaim in this action. This action having been brought in the city court of Albany, where the pleadings are the same as in courts of justices of the peace, where the only pleadings allowed are the plaintiff's complaint and the defendant's answer and a limited demurrer, the plaintiff was not obliged to plead the statute of limitations to the defendants' claim, and is entitled to raise it on the trial, new matter in the answer being considered as denied by the plaintiff, (Cow. Treat. § 945a;) and the question is whether a claim barred by the statute of limitations can be properly used as a set-off or counterclaim where the objection is taken that it is barred by the statute. The cause of action in favor of Williams & Son accrued on the 31st day of July, 1878. The plaintiff was appointed administrator of the intestate on the 2d day of August, 1880, and

caused due advertisements to be made for claims against the estate of the intestate, to which the defendants paid no attention. The Code expressly provides, in the title devoted to the statute of limitations, that "a cause of action upon which an action cannot be maintained as prescribed in this title cannot be effectually interposed as a defense or counterclaim." Code Civil Proc. § 397; De Levallette v. Wendt, 75 N. Y. 579; Herrick v. Woolverton, 41 N. Y. 581. The cause of action in favor of defendants existing at the time of the death of the deceased is barred by the statute, and cannot be now allowed.

I do not believe that the defendants had any right to sell the watch after the death of the deceased, and apply the proceeds to the payment of their own debt. The watch was in their possession for a specific purpose, and impressed with a trust to be returned on demand, and there is no suggestion of lien suggested or claimed. It may have been an heirloom, worth much more than the intrinsic value of the gold contained in it; or there may have been defenses in the hands of the intestate or his administrator against the claim that they held against the intestate at the time of his death. No claim is made in the case on either side but that the defendants acted in entire good faith in the matter, believing that they had a right to do as they had done, and that they had made nothing out of the transaction, in an honest endeavor to collect their debt against an insolvent estate; and that, if they are compelled to pay this judgment, their claim of $25.30 will never be paid. If I could find my way clear to allow the offset I would gladly do it, but, on the ground that their set-off is barred by the statute of limitations, and upon that ground alone, I direct judgment for the plaintiff.