(67 App. Div. 169.)

MALONE et al. v. WEILL et al.

(Supreme Court, Appellate Division, Second Department. December 23, 1901.)

CONVERSION—INJUNCTION—RES JUDICATA.

    Where defendants in an action for damages for the wrongful taking of personal property had formerly sought to enjoin further proceedings in the present action, alleging that they owned the property by virtue of a mortgage which also justified the taking, a judgment dismissing the complaint was res judicata as to the questions of ownership and wrongful taking in the present action.

Appeal from trial term, Kings county.

Action by Joseph Malone and another against Elie Weill and others. From a judgment in favor of plaintiffs, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and SEWELL, JJ.

William Lindsay (J. Culbert Palmer, on the brief), for appellants. James C. Church, for respondents.

WOODWARD, J. The plaintiffs brought this action in 1891 to recover the value of certain articles alleged to have been wrongfully taken from them by the defendants, and for damages for such wrongful taking. On the first trial the jury disagreed. A subsequent trial resulted in a verdict for the plaintiffs, which was set aside. The defendants then instituted an action in equity for an accounting to be made by the plaintiffs, and for other relief. This litigation was carried on, passing through the various stages, resulting in a final judgment dismissing the complaint and dissolving the preliminary injunction, and this result received the sanction of the court of appeals. Relieved of the injunction, the plaintiffs moved for a retrial, and the same was held before one of the justices of the supreme court and a jury, resulting in a verdict for the plaintiffs, upon which judgment has been duly entered. The defendants appeal to this court.

The defendants in the present action alleged in their equitable action, where they appeared as the plaintiffs, that:

"In August, 1890, the plaintiffs, acting under and in pursuance of the power contained in the mortgage mentioned in paragraph 4 of this complaint, took from Nos. 40 and 42 Tiffany place certain machinery there deposited."

They denied that a certain agreement entered into between the parties operated to supersede this mortgage, and to operate as a general release of all debts due by the said Joseph Malone & Co. to Elie Weill & Co. The question litigated in the equitable action was therefore whether the plaintiffs in the present action were the owners of the property in litigation, and whether the defendants took such property unlawfully, and the judgment dismissing the complaint in the equitable action must be conclusive upon that point. In the amended answer of the defendants in the present action it is alleged:

"That on the 27th day of September, 1889, the plaintiffs made, executed, and delivered to the defendants a mortgage on the goods and chattels described in the complaint, and plaintiffs by said mortgage authorized the defendants and their agents to take and carry away the said goods, and that, if defendants took any of said goods as alleged in 'said complaint, such taking was under and in pursuance of the power in said mortgage contained, and that the act of taking under said mortgage is the same of which the plaintiffs complain," etc.

Upon the trial of the present action the learned court at trial term held, very properly, we believe, that the judgment in the equitable action had disposed of the question of ownership and of the unlawful taking of the property, and that the only matters for the consideration of the jury were the value of the property taken, and the damages resulting to the plaintiffs from the unlawful withholding of the property. The general rule is well established that the estoppel of a former judgment extends to every material matter within the issues which were expressly litigated and determined, and also to those matters which, although not expressly determined, are comprehended and involved in the thing expressly stated and decided, whether they were or were not actually litigated or considered. It is not necessary to the conclusiveness of a former judgment that issue should have been taken upon the precise point controverted in the second action. Whatever is necessarily implied in the former decision is, for the purpose of the estoppel, deemed to have been actually decided. Reich v. Cochran, 151 N. Y. 122, 127, 128, 45 N. E. 367, 37 L. R. A. 805, 56 Am. St. Rep. 607, and authorities there cited. This rule appears peculiarly just in the present case, where the defendants have asked the aid of equity to prevent the enforcement of the plaintiffs' legal rights, and have presumably brought to the attention of the court all of the matters which could be brought to bear to support their claim to injunctive relief.

The suggestion on the part of the defendants that there was a joint ownership of the property, under the terms of the agreement which superseded the mortgage under which the defendants claimed the right to take the property here involved, is wholly inconsistent with their claims to rights under the mortgage, and not having been urged in the prior litigation, and not having been relied upon in the present action (for the allegations of the amended answer cannot be construed to allege a joint ownership of the property), it is not available here.

The evidence of damage resulting to the plaintiffs by reason of the unlawful detention of the property is not as complete and satisfactory as might be desired, but in view of the fact that the plaintiffs have been deprived of the right of recovery for a period of 10 years, during which time there could be no interest upon the value of the property wrongfully taken by the defendants, this court will not be astute in discovering a reason for further prolonging the litigation. The jury has found the value of the machinery wrongfully taken at $3,500. The machinery constituted a considerable part of the equipment of the plaintiffs' factory, which was, at the time of the wrongful taking, ready to begin operations. The plaintiffs had a considerable number of contracts or orders for goods to be manu-

factured, and these orders were rendered valueless by reason of the acts of the defendants in taking out the machinery of the plaintiffs and rendering it impossible to proceed with the work of manufacturing, and the jury might properly draw the inference that some damage must result to the plaintiffs by reason of such interruption of their business. The rule is well established that when it is certain that damages have been caused by a breach of contract, and the only uncertainty is as to their amount, there can rarely be good reason for refusing, on account of such uncertainty, any damages whatever for the breach. Swain v. Schieffelin, 134 N. Y. 471, 472, 31 N. E. 1025, 18 L. R. A. 385, and authorities cited; Dickinson v. Hart, 142 N. Y. 183, 188, 36 N. E. 801. And the rule cannot be more generous to the defendants where the damage has been occasioned by wrongful action in taking the property of the plaintiffs and preventing them from enjoying their rights. Trust Co. v. O'Brien, 143 N. Y. 284, 288, 38 N. E. 266, and authorities there cited. A person violating his contract, or interfering with the property rights of others, should not be permitted entirely to escape liability because the amount of the damages which he has caused is uncertain. Wakeman v. Manufacturing Co., 101 N. Y. 205, 209, 4 N. E. 264, 54 Am. Rep. 676. And in such a case it does not come with a very good grace from the defendants to insist upon the more specific and certain proof as to the cause and amount of the damage, when they have themselves been guilty of a most inexcusable violation of the contract, or the duty which they owed to the plaintiffs. Trust Co. v. O'Brien, supra. Reasonable certainty is sufficient. Trust Co. v. O'Brien, supra. It does not, however, seem to be necessary to decide the question discussed above. The case was tried upon the theory that the defendants were not liable to the plaintiffs in any amount, and the question of damages was submitted to the jury in a charge to which the defendants took no exception; the learned trial court charging the only request made by the defendants, and this did not relate to the question of damages.

The judgment and order appealed from should be affirmed, with costs. All concur.