(47 Misc. Rep. 507.)

### WHEELER v. BRESLIN.

(Supreme Court, Special Term, New York County. June, 1905.)

1. PLEDGES—ACCOUNTING—LIMITATIONS.

After 16 years from the time a debt was due, an action against the pledgee for an accounting of the disposition of the proceeds of the goods pledged, which had been sold at private sale, and for a judgment for the difference between the sum realized and the amount of the debt, cannot be maintained.

2. SAME—REDEMPTION—WHEN RIGHT ACCRUES.

Under Code Civ. Proc. § 410, providing that when a right exists, but a demand is necessary to entitle the person to maintain an action, the time within which the action must be commenced must be computed from the time when the right to make the demand is complete, the pledgor's right to tender the amount of an indebtedness and demand a return of the goods pledged accrues when the debt becomes due.

3. SAME—LACHES.

After the lapse of 16 years, equity will not grant an accounting as to the proceeds of the sale of pledged goods.

Action by DeWitt C. Wheeler, administrator, against James H. Breslin, for an accounting as to proceeds of a sale of goods given by plaintiff's intestate as collateral to defendant for the payment of certain notes. Judgment for defendant.

Edward A. Alexander, for plaintiff.
Samuel B. Thomas, for defendant.

LEVENTRITT, J. The important question involved in this case is whether or not the plaintiff's cause of action is barred by the statute of limitations. It is sufficiently established by the evidence that in the month of March, 1888, the plaintiff's intestate was indebted to the defendant, a hotel proprietor, in a sum in excess of $4,000. Three several notes were given, maturing at different dates, each for a third of the indebtedness. The notes, differently dated, had, respectively, three months, two months, and one day to run. The last note matured some time in June, 1888. As collateral security for the payment of the notes the plaintiff's intestate gave the defendant a large amount of personal property, consisting of the furniture, bric-a-brac, books, ornaments, etc., of the suite of rooms occupied by him. In the month of July, 1888, one month after the maturity of the last note, he left the defendant's hotel, leaving the personal property behind him. The notes have never been paid. Plaintiff's intestate died in February, 1898, without ever having tendered payment of the notes or demanded the return of his property. The plaintiff was appointed administrator within a few weeks thereafter. Nothing was done until just prior to the commencement of this action on May 9, 1904, when the attorney for the plaintiff called on the defendant and was informed by him that the personal property, or a large part of it, had been sold or disposed of in or about the year 1900. It appears that this sale was private, without notice to the plaintiff, as administrator of his father's estate.

In form this action is for an accounting of the disposition of the proceeds of sale, or of the goods remaining, and for a judgment for the difference between the sum realized and the amount of the debt represented by the notes besides interest. I am of the opinion that the action cannot be maintained. The record makes it plain that the transaction had in March, 1888, amounted to a pledge of the personal property, and not to a chattel mortgage. Although the record contains some intimations that the latter form of security was given, the proof entirely fails to support the pleading in this particular.

It is unnecessary to discuss here the relative rights of pledgor and pledgee. They are fixed by a long line of cases. Cortelyou v. Lansing,

2 Caines, Cas. 200; Roberts v. Sykes, 30 Barb. 176; Markham v. Jaudon, 41 N. Y. 235; Brown v. Bronson, 93 App. Div. 312, 87 N. Y. Supp. 872. Title remains in the pledgor, and the maturity of the obligation for which the pledge is given does not divest the title of the pledgor or enlarge that of the pledgee, nor does the fact that the statute of limitations has run against the debt bar the right of redemption of the collateral. After maturity the pledgor may on notice sell the security at public sale and apply the proceeds to the payment of the debt, but, omitting that, he continues to hold in trust for the benefit of the parties interested. Jones, Pledge, § 581. An unauthorized sale constitutes a conversion, and if, in this case, the right to redeem was not barred at the time of the sale by the defendant, the plaintiff would have his cause of action, either in conversion or, at his election, in equity for an accounting.

The question, therefore, is, was the right to redeem barred? Unless the plaintiff could redeem, he cannot maintain this action. There is an unquestionable conflict in the decisions, and it would be profitless to attempt to reconcile them. Following the language of the Code as to the limitation applicable, and a very recent dictum of the Appellate Division (Brown v. Bronson, supra), I conclude that both the 6 and the 10 year limitation defeat the plaintiff's remedy. Section 410 of the Code of Civil Procedure provides that "where a right exists, but a demand is necessary to entitle a person to maintain an action, the time, within which the action must be commenced, must be computed from the time, when the right to make the demand is complete," except in two cases, which have no application here. The notes not having been paid at maturity, the plaintiff's intestate, before he could maintain an action to redeem or pursue any of the remedies flowing from that right, was obligated to tender the amount of the indebtedness and demand the return of the property. The right to make that demand accrued on the maturity of the notes, and not before. It then became complete. Even if there had been payment of the notes at that time, and for some reason or other the property had not been returned after payment, the cause of action for the recovery of the collateral would have been barred within 10 years after the payment. This was the precise point determined in Brown v. Bronson, supra. A fortiori is the right barred in this case.

The test is, was a demand necessary, and when was the right to make the demand complete? The plaintiff had the absolute right to redeem. Not having paid the notes at maturity, it required a demand on his part for the return of the property, supported by a tender of the amount due. This right to make the demand was complete when the last of the notes fell due in June, 1888. No steps were taken until 16 years after, at a time when more than 6 and more than 10 years had elapsed. The case of Roberts v. Sykes, supra, directly supports the conclusion reached. That case has been much distinguished, criticised, declared overruled, and but recently rehabilitated. It is unnecessary to review the authorities, as that has been done in Brown v. Bronson. It may be said, however, that the foundation case on which criticism of Roberts v. Sykes has rested (Cortelyou v. Lansing) announces a principle which renders it distinguishable both from Roberts

v. Sykes and the case at bar. It declares, in effect, following eminent authority, that where the pledge is delivered, without any specified time of payment or redemption, the pledgor has his whole life to redeem. While this ancient doctrine has not escaped criticism, it being said that "modern prescription runs rather by lapse of years than the uncertain span of a human life" (Schouler, Bailm. [3d Ed.] § 250), it may be pointed out that in both the Roberts Case and the present the time of redemption, at least the inception of time of redemption, is fixed by the due date of the notes. In the Cortelyou Case the security was given for an indebtedness that had matured several years before.

Independently of the statute, however, I believe equity ought to refuse cognizance of this claim on account of the staleness of the demand. "Equity will decline to entertain the pledgor's bill for redemption, if he or his representatives bring it unreasonably late; for the property will then be conclusively presumed to have vested in the pledgee, or, at least, duly disposed of." Schouler, Bailm. § 250. "Where the title of the pawnee has remained undisturbed for a great length of time, it seems that such an extraordinary prescription may be insisted on as a bar, for the sake of the repose of titles founded on long possession." Story, Bailm. (9th Ed.) § 348. And see Jones, Pledge, § 581 et seq. The case at bar well illustrates the wisdom of this doctrine on the one hand, as on the other the effect of the statute of limitations as one of repose. The pledgor died more than ten years after having left his personal belongings behind him as security, without ever having taken any steps to recover them, or, so far as the record indicates, having ever intimated that he would do so. For six years after his death his administrator sits idle. Sixteen years after the original transaction witnesses the first attempt to assert any rights. Nor are we to ignore the nature of the property. Though much of it was, perhaps, not perishable in the strict sense of that term, it was yet liable to depreciation and to deterioration by use. Change of fashion and use and the danger of destruction are also proper elements to be considered. It looks very much like an abandonment.

On the whole case I think there should be judgment for the defendant.

Judgment for defendant.