## LIABILITY FOR SIDEWALK RENDERED SLIPPERY BY MUD.

[Superior Court of Cincinnati, Special Term.]

### MARY SCHNEIDER v. CITY OF CINCINNATI.

#### Decided, October, 1905.

*Sidewalk—Rendered Slippery by Mud Washing over It—Mistake of Judgment by City Officials—In Determining Character of Improvement to be Made—Creates no Liability Against the Municipality —But Liability Arises from Negligent Failure to Perform Duties Imposed—Notice, Actual and Constructive—Of Dangerous Condition of Walk—Presumption of Notice Arises, When—Contributory Negligence—In Going Upon Walk in Dangerous Condition.*

1. While a municipality is liable for the negligent failure of its council or engineer with reference to the repair and keeping of a street or sidewalk open and safe, no liability attaches on account of errors of judgment on the part of these officers in the performance of these duties in good faith.
2. Where the dangerous character of an obstruction on the sidewalk is the gravamen of a petition for damages on account of injuries sustained in walking thereon, the testimony must establish that the city had notice actual or constructive of the dangerous condition of the walk in time to remedy it, and that the obstruction was one it was the city's duty to remove, and having received such notice it failed to remove it.
3. An allegation of notice does not under strict rules of pleading support proof of constructive notice, and constructive notice can not be based upon temporary conditions of recent operation.
4. Where it appears that a plaintiff had full knowledge that a walk had been rendered slippery by a hard rain washing mud upon it, yet took the dangerous way although it could have been easily avoided, contributory negligence is shown of a character warranting the court in taking the case from the jury.

John V. Campbell and Chas. W. Scott cited for the city on motion for non-suit:

*Wheeler* v. *City*, 19 O. St., p. 19, holds that powers conferred on municipal corporations, that are in their nature legislative and governmental, are to be governed in their exercise by the judgment and discretion of the proper municipal au-

thorities; and for any defect in the execution of such powers the corporation can not be held liable to individuals. *Conneaut* v. *Neaf*, 54 Ohio St., 529.

*Circleville* v. *Sloan*, 59 O. St., 285 (302): The question was whether city is liable for defect in execution of plea for local improvement. Contention was that the execution was exercise of a legislative power and that city was not liable for errors of judgment. The court finds that corporation is liable for injuries caused by dangerous defect or obstruction which it suffers to remain after reasonable notice of existence, even if it were in the construction or alteration of street or sidewalk according to plan adopted by municipality (306).

*Dayton* v. *Taylor, Admr.*, 62 Ohio St., 11, holds that city is not liable respecting its errors of judgment in plan of a public improvement (19 Ohio State, p. 19, *Wheeler* v. *City*). But may be held liable for negligence in carrying out the plan, and if notice is brought home to municipality that, by reason of a faulty construction, the street is not reasonably safe for use under ordinary circumstances, it then becomes the unmistakable duty of the city to remedy the defect; and a failure to do so after such notice would make it liable (Cit. 59 Ohio St., 285).

*Circleville* v. *Sohn,* explaining 59 and 62 Ohio St.

Defect must render dangerous—33 Ohio St., 249.

City must have notice—44 Ohio St., 512.

Continuance of defect may be notice—44 Ohio St., 505; 46 Ohio St., 442; 68 Ohio St., 1.

Stepping stone in highway not an obstruction—*Dubois* v. *Kingston*, 102 N. Y., 219.

"Traveled path"—*Conneaut* v. *Neaf*, 54 Ohio St., 529.

HOSEA, J.

Heard on motion to direct a verdict.

This motion raises important questions and places upon the court the possible necessity of assuming a responsibility that a court would much prefer to leave with a jury; but it is the duty of the court to so act if the facts require it, and it is reversible error not to do so.

The plaintiff's testimony shows that she lived in the immediate vicinity of the place of the accident, on the same side of the street, for about a year and a half prior thereto, and frequently passed over the sidewalk where the accident occurred. An alley comes down from a higher level at a uniform inclination, to the level of Hunt street with which it connects, and the curb of the alley, at the same inclination, meets the curb of Hunt street. The alley curb, starting at the sidewalk surface of Hunt street at the level of its outer edge or curb, inclines upward to a height of seven or eight inches above the sidewalk at the house line. The alley construction was made as a city improvement under direction and according to stakes set by the city engineer. Some earth had accumulated at the outer side of the alley curb in the angle formed with the sidewalk, and extended from the curb at about an inch below the curb surface to the sidewalk two and one half feet distant.

Plaintiff admits that she knew the exact condition, for she says it was that way all the time she lived there—just as it was at the time she was hurt, and that she had noticed the mud next to the curb, and again, that it was in about the same condition all the time.

In coming down Hunt street she crossed the alley and at the south side of it put her foot over the curb and upon the slanting mass of earth at the lower side. Her foot slipped and she fell. This occurred between 6 and 7 P. M. on October 12, 1901, while she was walking with a bundle in one hand and a bucket of hot coffee in the other. It was dark and it had rained all day and the earth where she placed her foot was muddy and soft and the earth where she stepped was, she says, three or four inches higher than the sidewalk beyond.

In every suit based upon personal injuries the burden is upon the plaintiff to prove negligence on the part of defendant as the direct cause of the injury; and if, in the endeavor to prove this, the plaintiff raises a presumption of contributory negligence on his own part, he has also the burden of overcoming this by proof. These propositions are so well established it is unnecessary to cite authorities.

(1). As to negligence of the city.

(a). So far as concerns the construction of the alley where it leads into Hunt street, it is shown to be in accordance with the plans of the city authorities and it is not claimed to be in a defective condition, or negligently constructed *per se.*

"In all such matters [quoting from Shearman & Redfield] the corporate authorities have a discretion to exercise; and, however unwise their judgment may turn out to have been, the corporation will not be liable in damage for the consequence of their unwisdom." 1 Shearman & Redfield on Negligence, par. 262; *Dayton* v. *Taylor's Adm'r,* 62 O. St., 11; *Wheeler* v *City,* 19 O., 19.

The underlying reason for this I apprehend to be that the council that adopts and the engineer who carries out the adopted plan, are the direct representatives and servants of the people who elect them for this purpose. So long, therefore, as they act in good faith their acts are the acts of the people themselves, and no liability attaches for errors of judgment. It is only for negligent failure to perform duties that the municipality is liable.

(b). It is the statutory duty of the city council to keep the streets and sidewalks "open, in repair, and free from nuisance" (Revised Statutes, Section 2640 [1902]); but the law exacts only what is practicable and reasonable in this regard. 44 O. St., 505 (516).

In the present case there is no question of repair or want of it; the case rests therefore upon the allegation of nuisance or unsafe and dangerous condition for ordinary purposes of travel. The unsafe and dangerous character of the obstruction is the gravamen of the position; for, if it did not render the sidewalk unsafe, there was not such negligence on the part of the city as would afford a ground of complaint.

(c). But, if a sidewalk is in a dangerous condition and this is alleged as a basis of liability against the city for its negligence in permitting it to exist, it must be made to appear (1) that the city had notice, actual or constructive, of the dangerous condition of the walk in time to remedy it; and (2) that,

having such notice, it was the city's duty to remedy it, and that it failed to do so.

The petition in this case alleges notice. Under the strict rules of pleading this will not support proof of constructive notice—but the proof fails entirely to show actual notice and fails to show any such facts and circumstances as would, by the exercise of reasonable diligence, lead a prudent person to such knowledge.

Constructive notice by mere lapse of time during which a condition has existed, is based primarily upon the fact of a condition that is obviously unsafe and dangerous.

In *Chase* v. *City of Cleveland*, 44 O. St., 505, at page 515, Judge Spear uses language very pertinent in this connection. He says:

"Regarding the removal of dangers, as well as regarding watchfulness in ascertaining their existence, the municipality is bound to exercise only ordinary care—to take such measures as are reasonably required and adequate in view of ordinary exigencies. The condition of the walk in this case is not complained of as a defect in the sidewalk but rather an accumulation on it which created a nuisance. Those authorities are empowered to clear the streets from snow and filth and by ordinance require the property owners to keep the walks clear from snow and ice, but, ordinarily, liability does not attach for failure to do so. Slipperiness may arise from a variety of causes. A thin film of mud on a walk may often produce it, and yet liability would hardly be claimed to arise from such a cause. * * * *

"The law exacts from municipalities only that which is practicable and reasonable; * * * the duty of the municipality must be interpreted upon a reasonable basis in reference to the actual condition of affairs; impracticable things are not required; and to hold the city liable under the allegations of this petition would be to require that which is impracticable and to impose an onerous and unreasonable burden upon it."

That it is the notoriety of the dangerous and unsafe condition that constitutes the basis of the presumption of notice—as a condition so obvious as to force itself upon the attention of passers-by, and, by consequence, upon the city authorities—is

plainly indicated though not so directly set forth, in the case just cited; but it is clearly declared in many other cases.

Thus in *Todd* v. *Troy*, 61 N. Y., 506, it is said:

"When a defect has become notorious, and its officers have full opportunity to know of it, the municipality is chargeable with notice."

Again, in 36 Barbour, 226, it is even more forcibly put, as follows:

"After a street has been out of repair so long that the defect has become known and notorious to those traveling the street, and there has been full opportunity for the municipality through its agents and officers to learn of its existence, notice may be presumed." Substantially similar rulings occur in 44 Barb., 385; 49 Barb., 580; and in *Pomfrey* v. *Saratoga Springs*, 104 N. Y., 459.

But in this case there is no evidence whatever, except it be the fact that plaintiff fell there, that the walk at that point was defective or dangerous in any sense. Assuming the fact to be as stated, the condition complained of was manifestly caused—as stated by plaintiff—to the muddy and slippery condition caused by the all-day rain immediately preceding. It was therefore not a general or continuing condition, nor one necessarily to be expected from every rain. It is part of a sidewalk in a populous part of the city and the earth, it may be fairly inferred, was beaten hard by the feet of pedestrians, and under ordinary circumstances, would not be slippery. If, as stated in the testimony, it was muddy, soft, and slushy, this was manifestly the result of the prolonged rain of the day or more preceding. Its unsafe condition therefore was temporary only and from a cause so recent as may fairly bring the case within the principle laid down in *Village of Leipsic* v. *Gerdeman*, 68 O. St., 1, where it was held that constructive notice can not be based upon causes of a dangerous condition operating so recently as to preclude a reasonable presumption of notice.

The case cited is a clear exposition of the law and of the duty of a judge under such circumstances as are found in the present case.

(2).  Contributory negligence.

It happens not infrequently that, in detailing the acts and circumstances of an injury charged to the negligence of another, there is also shown a failure to exercise the care and caution required of the plaintiff in the action.

In this case it is manifest that the inclined bank of earth described, existed, practically, only very near the house line, because the alley curb sloped downward across the pavement toward Hunt street and the rise (assuming the pavement to be of a width of only ten or twelve feet, which is a low average) was less than an inch to the foot.  At the central and outer portions of this cross-curbing there could have been no bank of earth to speak of.

The conditions were well known and familiar to the plaintiff. If rains tended to make this earth slippery this was a fact she as well knew, as an agent of the city could have known it.  If, therefore, the condition was in fact dangerous, as she alleges, and presented an obstruction which the city was bound to remove, and it was negligence to leave unremoved, it must follow, since its character was known to plaintiff, that it was imprudence in her to pass over it or that, if she did pass over it, she did not use due care.

As is said in 44 O. St., 249, *Schaffer* v. *Sandusky*:

"The case  *  *  * is not one where there is an obstruction not known to be perilous.  In that class of cases, negligence can not be imputed to one who uses such carefulness as a person of ordinary prudence would exercise.  But, where there is danger and the peril is known, whoever encounters it voluntarily and unnecessarily, can not be regarded as exercising ordinary prudence and therefore does so at his own risk."  Citing *Durken* v. *City of Troy*, 61 Barb., 37, and other cases.

In the case at bar the plaintiff not only took the dangerous way where it could have been avoided by passing nearer the curb line of Hunt street, but did so with both hands occupied with things carried, whereby she was deprived of the assistance which might have avoided serious injury, even under the circumstances of the fall, if her hands had been free.

The same principle is applied by Judge Shauck in the case of *The Village of Conneaut* v. *Neaf,* 54 O. St., 530-31.

The fact that the evening was dark only emphasized the requirement of care on the part of plaintiff and makes the absence of care more apparent.

The case—as was said in *R. R. Co.* v. *McClellan,* 69 O. St., 157—is not one which presents a conflict in the evidence on any vital points. "The rule is that, whether or not there is evidence tending to prove an essential fact, is a question for the court; and if it be determined that there is not, then there can be no conflict and there is no question for the jury."

In the case cited it is held to be error for the court to refuse to sustain a motion where the facts are as stated..

On this ground also the motion is granted.

Motion to direct a verdict sustained and verdict directed.

*F. M. Coppock,* for plaintiff.

*John V. Campbell and Chas. W. Scott,* for City of Cincinnati.