JESSIE MAUDE WILLIAMS, Plaintiff, *v.* FLAGG STORAGE WAREHOUSE COMPANY and ELLA B. DeLIMA, Defendant by Order.

Supreme Court, Onondaga County, January 20, 1927.

**Warehousemen — action against warehouse company for failure to deliver coffee pursuant to warehouse receipt — company gave receipt to third party on delivery of coffee — third party subsequently indorsed receipt in blank and delivered it to plaintiff as security for payment of promissory notes — plaintiff demanded coffee ten years thereafter but demand was refused — third party, not liable to plaintiff for non-delivery of coffee, could not be made defendant under Civil Practice Act, § 193 — plaintiff's claim is for breach of contract — Statute of Limitations not defense — cause of action did not accrue until demand — damages — measure of damages — plaintiff's loss should be predicated upon price per pound of cheapest coffee in which third party dealt.**

This is an action against a warehouse company for failure to deliver a specified number of bags of coffee pursuant to the terms of a warehouse receipt which a third party, whose indebtedness to the plaintiff was evidenced ·by two promissory notes, received from said warehouse company upon the delivery of said coffee. It further appears that said third party subsequently indorsed the warehouse receipt in blank and delivered it to the plaintiff as security for the payment of the sums secured by the aforesaid notes. Approximately ten years after the delivery of the warehouse receipt, plaintiff, who still owns said notes, both of which remain wholly unpaid, demanded the delivery of the coffee described in the warehouse receipt, which demand was refused because the coffee had been delivered previously to the third party.

The third party, to whom the warehouse receipt was originally issued, was not properly made a defendant herein, under section 193 of the Civil Practice Act, for the transaction between the warehouse company and said third party was entirely unrelated to plaintiff's claim, and neither the warehouse company nor the third party adduced any evidence to sustain the allegation that the company delivered the coffee to said third party.

The Statute of Limitations is not a defense herein since this cause of action for breach of contract for failure to deliver the coffee pursuant to the warehouse receipt did not accrue under the contract until plaintiff made her demand upon the warehouse company.

The measure of plaintiff's damages must be predicated upon evidence of the price per pound of the cheapest coffee in which said third party dealt at the time of the transaction.

ACTION against the defendant for failure to deliver coffee pursuant to the terms of a warehouse receipt.

*Harold M. Weisenberg*, for the plaintiff.

*Costello, Cooney & Fearon* [*George R. Fearon* of counsel], for the defendant Flagg Storage Warehouse Company.

*Waters & Hodges*, for the defendant Ella B. DeLima.

Ross, Official Referee. The plaintiff sues the defendant the Flagg Storage Warehouse Company for failure to deliver certain bags of coffee pursuant to the terms of a warehouse receipt. The following are the facts relating thereto.

On February 6, 1914, the defendant Ella B. DeLima delivered to the defendant Flagg Storage Warehouse Company, a corporation engaged in a general storage business, certain bags of coffee and received therefor a receipt in the following language:

" NEGOTIABLE RECEIPT

                    " FLAGG STORAGE WAREHOUSE CO.

" No. 104                              SYRACUSE, N. Y., 2–6–1914

" THIS IS TO CERTIFY that we have received and hold on storage the following described merchandise, and will deliver same to ELLA B. DELIMA or order upon the surrender of this Receipt properly indorsed and on payment of storage and other charges and advances as indicated below: Storage from January 1914.

| MARKS | PACKAGES | MERCHANDISE | LOCATION |
|---|---|---|---|
|  | Fifty-five (55) | Bag Coffee |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Storage ————————Per Month
Labor————————(Official Seal of
Freight ————————(American Warehousemen's
Cartage————————(Association.    ROBERT FLAGG
Insurance —————            *Treasurer.*
Cooperage————————Particular deliveries
                        noted on the back of this
                        receipt."

On said 6th day of February, 1914, the defendant Ella B. DeLima was indebted to the plaintiff herein in the sum of $1,200 evidenced by two promissory notes — one for $200 and interest, due in six months from January 1, 1914, and one for $1,000 due in one year from February 1, 1914, with interest.

That after the delivery of the aforesaid coffee and on or about the 6th day of February, 1914, the said defendant Ella B. DeLima indorsed the aforesaid warehouse receipt in blank and delivered same to the plaintiff.

The said warehouse receipt was given to the plaintiff by the said defendant DeLima as security for the payment of the sums secured by the two aforesaid notes and any extensions or renewals of the same, also as continuing security for any and all interest which would accrue upon said debts. It is claimed by the defendant warehouse company that the warehouse receipt was only given as security for the $1,000 note. This is immaterial as the plaintiff in any event possesses all rights of an owner against the warehouse company.

The aforesaid notes, as they fell due, were renewed for the same periods as appeared in the original notes until February 1, 1923, when the defendant DeLima gave a renewal note for $1,000 and interest due in one year, which said note is still held by the plaintiff and remains unpaid; and on January 1, 1924, a renewal note was given by the defendant Ella B. DeLima to secure the payment of $200 and interest in six months from the date thereof which is the last renewal of the $200 note heretofore mentioned. Both said notes are now owned and held by the plaintiff and remain wholly unpaid.

On or about March 1, 1924, the plaintiff, at the warehouse of the defendant Flagg Storage Warehouse Company, demanded of said defendant the delivery to the plaintiff of the coffee described in the aforesaid warehouse receipt, which demand was refused.

The defendant warehouse company, answering the complaint herein, pleads the Statute of Limitations and also that the warehouse receipt was not presented within a reasonable time from its date or from its receipt by the plaintiff.

On September 6, 1924, the defendant warehouse company procured an order in this court directing that Ella B. DeLima be brought in as party defendant and that a supplemental summons issue and a pleading alleging the claim of the defendant warehouse company against the said Ella B. DeLima should be served upon said defendant DeLima. Such pleading was subsequently served as provided in said order, and said defendant DeLima served an answer thereto.

The claim of the defendant warehouse company against the defendant DeLima, as stated in its pleading, served pursuant to the order of the court, is, in substance, that the said Ella B. DeLima prior to the commencement of the action herein, represented to the said storage warehouse company that she was still the owner

of said warehouse receipt and that it was in her possession, and further represented that she would return said receipt to the defendant, and that the defendant warehouse company, relying upon said representations that she was still the owner of the warehouse receipt for fifty-five bags of coffee described in the complaint, and that said receipt was still in her possession, and relying upon her promise to return said receipt to said storage warehouse company, delivered to the said Ella B. DeLima the fifty-five bags of coffee mentioned and described in said warehouse receipt.

The defendant DeLima served an answer to the supplemental pleading heretofore referred to in which she alleged, with other matters, want of jurisdiction, that she had not properly been made a defendant herein and also a general denial and a specific denial of the allegations contained in the warehouse company's supplemental pleading that it delivered to the said defendant DeLima fifty-five bags of coffee or that she represented that she was the owner of said warehouse receipt and that it was in her possession and that she would deliver the same to the defendant warehouse company, and she was sworn upon the trial by the plaintiff and cross-examined by the defendant, and no evidence on this subject was given either by her or any one else upon the trial.

So that this situation is presented: The defendant warehouse company is sued for breach of contract for failure to deliver the coffee in suit to the plaintiff according to the terms of the warehouse receipt, and the said warehouse company answers that it delivered the coffee to the defendant DeLima without in any way connecting the plaintiff with such delivery.

I do not understand that the provisions of section 193 of the Civil Practice Act provide for this state of facts. A sues B for breach of contract or in trover. I do not understand that B in defense can show that C has converted the goods in question or obtained the same by fraud. Suppose that the defendant DeLima had paid the loan to which the warehouse receipt was collateral. She then would be a proper party to intervene and have all collateral matters settled. But in the instant case the transactions between the defendant warehouse company and DeLima are entirely unrelated to the claim of the plaintiff. (*Kelvin Engineering Co.* v. *Knott*, 212 App. Div. 413, 414; *Stern* v. *Ide & Co., Inc.*, Id. 714.) On page 719, Mr. Justice MERRELL writes: " It seems to me that the real intent of the Legislature in enacting section 193 was to permit a party who is charged with some sort of liability to bring in another party liable to contribute or indemnify the party charged. I do not think it was intended. that entirely unrelated claims

should be tried in one action." (*Greenhouse* v. *Rochester Taxicab Co.*, 218 App. Div. 224; *Neuss, Hesslein & Co.* v. *Nat. A. & C. Co.*, 120 Misc. 164.)

No evidence having been given to sustain the allegations of the so-called supplemental complaint, it follows that the action against the defendant Ella B. DeLima must be dismissed, with costs.

The defendant warehouse company alleges, as a separate defense to plaintiff's complaint, that the plaintiff failed and neglected to present to the said defendant the warehouse receipt set forth and described in the complaint within a reasonable length of time from the date when it was issued by the defendant, and failed and neglected to make any demand upon the said defendant for the merchandise described in said warehouse receipt within a reasonable length of time.

What this claim might have developed had all the facts been presented is a matter of conjecture. (*Freeman* v. *Ingerson*, 143 Mich. 7.) Action against warehouseman. Wheat delivered 1885; demanded 1897; action commenced 1903. Held that the demand by the plaintiff under all the facts was not made within a reasonable time. (*Wheeler* v. *Breslin*, 47 Misc. 507, 510.)

Suppose in the instant case that from the 6th of February, 1914, until March, 1924, the warehouse company had not received any direction in regard to the coffee described in the warehouse receipt, or any pay for storage charges from any one, and suppose again that the storage charges upon the coffee were regularly paid as the bills for the same were presented. A court might well make different findings in the two cases supposed.

In the instant case nothing in this regard is presented except the fact of the lapse of time.

A warehouseman is given by statute a lien upon the goods deposited for any charges which properly may be made against the same. (General Business Law, §§ 112, 113.) Satisfaction of such lien is provided for by sale of the goods. (§ 118.)

In addition to the aforesaid statutory provisions, section 117 provides that a warehouseman's lien does not preclude other remedies so that the warehouseman has every opportunity to protect himself and loses no remedy which he may have by lapse of time, and to assume that a mere lapse of time in the absence of default on the part of the bailor will transfer the title of the goods from himself to the warehouseman is a proposition which has only to be stated to be answered. It is somewhat analogous to the case of a tenant in possession claiming title after the lapse of time arising by reason of his possession of the premises although he has paid the landlord the rent as it fell due.

The defendant warehouse company invokes section 15 of the Civil Practice Act. I quote the provision: " Where a right exists, but a demand is necessary to entitle a person to maintain an action, the time within which the action must be commenced must be computed from the time when the right to make the demand is complete except in one of the following cases: "

Section 15 of the Civil Practice Act, formerly section 410 of the Code of Civil Procedure, was enacted as stated in note to Throop's Code, 1887 edition. " This section is designed to settle, upon just principles, a question, upon which there has been considerable conflict of opinion, and which is yet involved in some obscurity." And was for the purpose of protecting the debtor or pledgor, or depositor, or one from whom property had been stolen rather than to limit their rights or remedies. (See note above cited. See *Roberts* v. *Berdell*, 61 Barb. 37, a decision before the enactment of Code Civ. Proc. § 410.)

The right of the plaintiff to present the warehouse receipt and demand the goods stored was a continuing right against which no Statute of Limitations ran. (*Miner* v. *Beekman*, 50 N. Y. 337.) That was an action, in substance, to remove a cloud on title and it was held that this was a continuing right which could be invoked at any time during its existence. (*Bailey* v. *Drew*, 2 N. Y. Supp. 212; *Stephens* v. *Crawford*, 209 App. Div. 142, 150.)

I think that this is to be treated not as an action in conversion, but as an action for breach of contract, for failure to deliver pursuant to the warehouse receipt. And this being the case clearly under the provisions of section 48 of the Civil Practice Act, the Statute of Limitations is not a defense as the cause of the action did not accrue under the contract until the demand. Subdivision 1 of section 48 above referred to provides:

" The following actions must be commenced within six years after the cause of action has accrued.

" 1. An action upon a contract obligation or liability expressed or implied, except a judgment or sealed instrument."

The case of *Ganley* v. *Troy City National Bank* (98 N. Y. 487) is not only decisive in this regard, but is a very enlightening case, especially upon the right of a party to select any remedy which he may have for the enforcement of a right although another remedy may be barred by the Statute of Limitations — especially when the statute does not affect the right but the remedy only. That case is also especially enlightening because the equities of the case would have inclined to decide otherwise. (See p. 492.) Without going into the facts, which are somewhat complicated, Judge EARL, writing for the court (on p. 494), says:

" Instead of suing for the conversion, then this plaintiff had the right, as he did, to sue for the breach of the contract, and that action did not accrue until a demand. It is universally true that the statute of limitations does not commence to run upon a cause of action upon contract until it has accrued, and that where a demand is necessary before an action can be commenced the statute does not begin to run until after the demand.   *   *   *

" And if he [that is the injured party] choose the latter mode of redress, the tort feasor cannot allege his own wrong for the purpose of carrying back the injury to a time which will let in the statute."

That case was approved and favorably commented on in the case of *Lightfoot* v. *Davis* (198 N. Y. 261, 268); *Moore* v. *Williams* (26 N. Y. Supp. 766, 767.)

Where there are two remedies for the protection of a right, one may be barred and the other not. ( *United States* v. *Whited*, 246 U. S. 552, 564 [1918], cites the *Ganley* case.)

The form of the complaint indicates that the action is in contract.

The plaintiff has pleaded the facts, and following the general interpretation of pleadings and following the intent of the courts to render substantial justice regardless of technicalities, it would seem that the complaint is clearly a demand in contract. It is true that the plaintiff says in her complaint that she believes the defendant has converted the same, referring to the goods described in the warehouse receipt. But this does not, in my mind, change the nature of the action and is a statement of a mere conclusion and does not in any event waive her right to recover upon the contract.

The plaintiff says, in her complaint, in substance, that under the terms of the contract of February 6, 1914, you agreed to deliver to me upon demand fifty-five bags of coffee. You have failed to perform the provisions of that agreement. (*Byxbie* v. *Wood*, 24 N. Y. 607; *Lauer* v. *Raymond*, 190 App. Div. 319, 325; Pom. Rem. & Rem. Rights [1st ed.], §§ 568–573.)

There is an absence in the complaint of any allegation of fraud or of fraudulent intention or of scienter, and, therefore, I think that the plaintiff had the right to sue in contract. (*Harms* v. *City of N. Y.*, 69 Misc. 315; *Stephens* v. *Crawford*, 209 App. Div. 142, 150.)

The case of *Brown* v. *Bronson* (93 App. Div. 312) is cited by the defendant warehouse company. That was an action brought by the representatives of a deceased debtor and pledgor against the representatives of a deceased creditor and pledgee to recover a stock certificate given as collateral security for the payment of

one or possibly two notes, one of which at least had been paid, all of which transactions had occurred more than ten years before the beginning of the action. The defendants pleaded the Statute of Limitations, and this defense was upheld. Incidentally, it may be stated that the judgment for the plaintiff had to be reversed for an error in an admission of evidence. (P. 315.)

The court says (on p. 317): " The precise question for our determination, however, is as to the rule to be applied in a case where the debtor delivers specific personal property as collateral security for a note which becomes due and is paid more than ten years before any demand is made for the return of the property or before an action is brought for its redemption or reassignment, the creditor in the meantime retaining it in his possession."

In the *Brown* case the cause of action accrued more than ten years prior to the bringing of the action, but in the instant case no cause of action arose in favor of the plaintiff until she presented the receipt.

In the *Brown* case a demand was only a formality necessary to maintain an action. In the instant case a demand and presentation of the warehouse receipt were essential to create a cause of action.

In the *Brown* case there had been a default on the part of the plaintiff. In the instant case the warehouseman had failed in no obligation to the plaintiff (I assume this for the purpose of illustration) until the receipt was presented.

The *Brown* case was an action between a debtor and pledgor against a creditor and pledgee, and the liability of a warehouseman to one holding a receipt for goods stored must be determined by the decisions and the statutes and not by the ordinary relations of the pledgor and pledgee.

Suppose that Mrs. DeLima had paid the amount of her indebtedness to the plaintiff more than ten years before this suit was brought and then had sued the plaintiff to recover the receipt? This would be analogous to the *Brown* case. The right of action accrued when she paid the indebtedness, the fact which she must have known, so that in the supposed case there was neither a statutory nor even a sentimental reason for avoiding the statute.

The case of *Smith* v. *Staten Island Land Co.* (175 App. Div. 588). The facts in that case were very complicated, requiring seventeen pages of opinion to elucidate, and, in my judgment, has no bearing on the questions presented herein, and the case of *Dolon* v. *Davidson* (16 Misc. 316) was practically an action to recover a debt evidenced by a check given more than fourteen years before the commencement of the action.

The evidence as to the kind and value of the coffee is far from being precise; but it appears with reasonable certainty that the cheapest coffee in which Ella B. DeLima dealt in 1914 was worth, on or about March 1, 1924, at least twenty cents per pound.

The evidence as to the number of pounds in a bag is also somewhat uncertain, but the evidence of the witness Ella B. DeLima is that the uniform weight of Brazilian coffee is 132 pounds.

The time of the demand is not precisely fixed. The admission in the answer is some time subsequent to March 1, 1924. The answer of the defendant warehouse company is verified September 16, 1924, so that I hold that the plaintiff is entitled to recover from the defendant warehouse company the reasonable value of fifty-five bags of coffee at 130 pounds to the bag, being a total of 7,150 pounds, at twenty cents per pound, amounting to the sum of $1,430, which sum the plaintiff is entitled to recover with interest from September 16, 1924.

As long ago as 1807 the rule in regard to damages caused by the wrong of a defendant when the amount of damages is difficult to prove was laid down by Lord ELLENBOROUGH, and, although it was a *nisi prius* decision, the rule remains, as I understand, unchanged.

" Assumpsit for goods sold and delivered, at the suit of a liquor merchant. The only evidence respecting the goods was that of his servants, who spoke of the delivery of several hampers of full bottles at the defendant's house; but as to the contents of the bottles they were altogether ignorant.

" Lord ELLENBOROUGH directed the jury to presume that the bottles were filled up with the cheapest liquor, in which the plaintiff dealt, viz., porter; and they awarded damages upon that scale accordingly." (*Clunnes* v. *Pezzey*, 1 Camp. 8.)

*Duke of Leeds* v. *Earl of Amherst* (20 Beav. [1855] 239) was an action for waste and the head note states in part: " Where a wrong has been committed, the wrongdoer must suffer from the impossibility of accurately ascertaining the amount of damage." (*Malone* v. *Weill*, 67 App. Div. 169, and cases therein cited.)

Complaint dismissed as to the defendant Ella B. DeLima, with costs, and judgment directed for plaintiff against the defendant warehouse company for $1,430 and interest from September 16, 1924, with costs.

Findings to be prepared.